IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AAVN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUNHAM HOME FASHIONS, LLC, <br><br> Defendant. | Case No. 2:15-cv-1658 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff AAVN, Inc., ("Plaintiff") hereby brings this Complaint for Injunctive Relief and Damages against the Defendant, SUNHAM HOME FASHIONS, LLC ("Defendant"). In support of its claims, Plaintiff respectfully shows this Honorable Court the following:

### NATURE OF THE ACTION

1. This is a civil action at law and in equity for patent infringement, arising under the U.S. Patent Act.

2. Plaintiff seeks to enforce its rights under the U.S. Patent Act, 35 U.S.C. §§ 271 *et seq.*, in order to recover compensatory and other damages arising out of Defendant's infringement of Plaintiff's U.S. Patent 9,131,790.

### THE PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the State of Texas and having a principal place of business located at 1401 North Central Expressway, Suite 370, in Richardson, Texas 75080.

4. Upon information and belief, Defendant is a limited liability company and existing under the laws of the State of New York, having an office located at 308 Fifth Avenue,

New York, New York 10001.  Service of process may be effectuated by serving its registered agent, JoDell Grissom-Proctor at her registered address at 5800 Granite Parkway, Suite 300, Plano, TX 75024, or at any other place and by any other means proper under Texas law.

5. **JURISDICTION AND VENUE**

6. This action for patent infringement arises under the patent laws of the United States, Title 35 of the U.S. Code.  This Court has subject matter jurisdiction over causes of action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400, because Defendant has transacted business in this judicial district, and because Defendant has committed and/or induced acts of patent infringement in this judicial district.

8. Defendant is subject to this Court's general and specific personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, and at least because Defendant conducts substantial business in this district, including (1) committing at least a portion of the infringing conduct alleged here, and (2) regularly doing, transacting, or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and businesses in the State of Texas and within this judicial district.

**COUNT ONE:  INFRINGEMENT OF U.S. PATENT 9,131,790**

9. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,131,790 ("the '790 patent") entitled *Proliferated Thread Count of a Woven Textile By Simultaneous Insertion Within a Single Pick Insertion Event of a Loom Apparatus Multiple Adjacent Parallel Yarns Drawn from a Multi-Yarn Package*."  The '790 patent issued on September 15, 2015.  A true and correct copy of the '790 patent is attached as **Exhibit A**.

10. Defendant is involved, directly or indirectly, in the manufacture, use, sale, offer for sale, and/or importing into the U.S. woven textile products including a 320-thread-count sheet set (in solid colors and prints) imported by Defendant and sold at retailers such as Macys. ("Accused Products").

11. Defendant has been and is now directly infringing and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement of the '790 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other conduct, making, using, importing, offering to sell, and/or selling one or more products, including the Accused Products, that are covered by one or more claims of the '790 patent, to the injury of Plaintiff.

12. Defendant has been and is now directly infringing and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement of the '790 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other conduct, making, using, importing, offering to sell, and/or selling one or more products, including the Accused Products, that are manufactured using a process that is covered by one or more claims of the '790 patent, to the injury of Plaintiff.

13. Defendant is directly infringing, literally infringing, and/or infringing the '790 patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '790 patent, pursuant to 35 U.S.C. § 271.

14. To the extent any marking was required by 35 U.S.C. § 287, the Plaintiff and all predecessors in interest to the '790 patent have complied with any such requirements.

15. As a direct and proximate result of Defendant's infringement of the '790 patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount

adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

16. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '790 patent, Plaintiff will be greatly and irreparably harmed.

17. Defendant does not have a license or other authorization from Plaintiff to make, use, sell, offer to sell, or import into the U.S. any product, including the Accused Products, or any product made by a process, that is covered by one or more claims of the '790 patent.

18. Defendant is currently aware, and upon information and belief has been aware since at least September 15, 2015, that the Accused Products are infringing the '790 patent and, moreover, that making, using, selling, offering to sell, and/or importing into the U.S. such products is prohibited by U.S. law.

19. Defendant has engaged, and is continuing to engage, in infringing activity despite an objectively high likelihood that its actions constitute infringement of a valid patent.

20. Defendant is intentionally and willfully infringing the '790 patent.

21. Defendant's infringing conduct is exceptional, which entitles Plaintiff to recover its attorneys' fees in this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants on the Complaint and enter an order as follows:

A. Finding that Defendant has infringed the '790 Patent; and

   B. Ordering Defendant to pay to Plaintiff its damages in an amount at least equal to Plaintiff's lost profits and in no event less than a reasonable royalty, plus costs and expenses, together with pre-judgment and post-judgment interest at the maximum rate allowable by law, according to proof at trial, for Defendant's infringement of the '790 Patent;

   C. Finding Defendant's infringing conduct to be intentional and willful, and declaring this case to be exceptional, and awarding treble damages and attorneys' fees to Plaintiff;

   D. Entering a permanent injunction enjoining and restraining Defendant and all those acting in concert with it from engaging in conduct that infringes, induces infringement, or contributes to the infringement of Plaintiff's exclusive rights in the '790 Patent; and

   E. Granting such other and further relief, at law or in equity, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues and claims so triable.

Dated: October 17, 2015

Respectfully submitted by:

/s/ Jeffrey L. Crouch
Jeffrey L. Crouch
Texas State Bar No. 00787306
CULHANE MEADOWS, PLLC
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone: (214) 206-9588
Facsimile: (214) 206-9589
Email: jcrouch@culhanemeadows.com

OF COUNSEL:
J. Scott Anderson
(*pro hac vice* application to be filed)
Georgia Bar No. 017266
CULHANE MEADOWS PLLC
3300 Cumberland Boulevard SE, Suite 500
Atlanta, Georgia 30339-8103
Telephone (404) 806-1488
Fax (888) 909-0255
Email: SAnderson@CulhaneMeadows.com

and

Ajay K. Mago
(*pro hac vice* application to be filed)
Texas Bar No. 24086332
CULHANE MEADOWS, PLLC
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone (214) 293-6273

**Attorneys for Plaintiff,
AAVN, INC.**